# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MATTHEW FERREE<br><br>      Plaintiff,<br><br>v.<br><br>(1) PRUDENTIAL INSURANCE COMPANY OF AMERICA<br>,<br><br>      Defendant. | Case No.: CIV-22-407-D<br><br>Removed from<br>Cleveland County District Court<br>Civil Action No. CJ-2022-395 |

## NOTICE OF REMOVAL

Defendant, The Prudential Insurance Company of America (incorrectly named "Prudential Insurance Company of America") ("Prudential"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, submits the following Notice of Removal with respect to the above captioned case, which was filed and is currently pending in Cleveland County District Court, Case No. CJ-2022-395. In support of this Notice of Removal, Prudential states the following:

### Timeliness And Background

1. On April 13, 2022, Plaintiff Matthew Ferree ("Plaintiff") commenced a civil action against Prudential by filing a complaint in Cleveland County District Court, Oklahoma. The lawsuit is recorded on that court's docket as Case No. CJ-2022-395. There are no other parties named in Plaintiff's complaint.

2. Plaintiff mailed a copy of the summons and complaint to the Oklahoma Insurance Commissioner, which received the summons and complaint on April 20, 2022.

3. On April 20, 2022, the Oklahoma Insurance Commissioner mailed the summons and complaint to Prudential's registered agent by certified mail.

4. Prudential's registered agent received the summons and complaint on April 22, 2022. Pursuant to 28 U.S.C. § 1446(a), a copy of the State Court docket sheet, along with a true and correct copy of Plaintiff's complaint, which constitutes "all summons, pleadings, and orders" served upon Prudential in the state court action, are attached hereto as Exhibits 1, 2 and 3. Because Prudential has filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

## **Plaintiff's Claims Arise Under ERISA and are Removable Based on Federal Question Jurisdiction**

5. In his Complaint, Plaintiff alleges a claim under §502 of the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1132 ("ERISA"), seeking ERISA governed disability benefits allegedly due to him under an insurance plan sponsored by his employer, Paycom Payroll LLC (the "plan"). (*See* Ex. 3, Compl. ¶¶ 5, 23, 36-37) *See* 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .").

6. Plaintiff's Complaint, on its face, alleges a claim for benefits brought pursuant to ERISA (see Ex. 3., Compl. ¶¶ 36), and thus alleges a claim under the laws of the United States within the meaning of 28 U.S.C. § 1331. For this reason, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

7. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8. Even if Plaintiff did not explicitly invoke ERISA in bringing suit, ERISA would provide an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under employee benefit plans, including any breach of contract claim alleged in the Complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

9. The Court thus has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441.

## Venue and Notice

10. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Venue is proper in this District because, pursuant 28 U.S.C. § 116(c), this Court embraces the State of Oklahoma, District Court of Cleveland County, the place where the removed action had been pending. 28 U.S.C. § 1441(a).

11. Promptly upon the filing of this Notice of Removal, Prudential shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Clerk of Court for District Court of Cleveland County, Oklahoma, as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as Exhibit 4.

12. Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides that remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand

order for interlocutory review by the Tenth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant, The Prudential Insurance Company of America submits that this action properly is removable based on federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the United States District Court for the Western District of Oklahoma. Prudential also requests all other relief, at law or in equity, to which it is justly entitled.

**DATED: May 19, 2022**                                  Respectfully submitted,

By: */s/ W. Kirk Turner*
One of Its Attorneys
W. Kirk Turner, OBA # 13791
McAfee & Taft
Williams Center Tower II
Two W. Second Street, Suite 1100
Tulsa, OK 74103
(918) 574-3008
kirk.turner@mcafeetaft.com

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing PRUDENTIAL'S NOTICE OF REMOVAL to be served upon the following, using the Court's ECF filing system on this 19th day of May, 2022:

> Roy S. Dickinson, Esq.
> 1408 Winding Ridge Rd.
> Norman, OK  73072
>
> Counsel for Plaintiff

By: */s/ W. Kirk Turner*
     Attorney for Prudential