6 944

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

OKLAHOMA INSURANCE DEPARTMENT
RECEIVED
APR 20 2022
LEGAL DIVISION

Matthew Ferree,                )
                               )
        Plaintiff,             )
                               )
vi.                            )
                               )   Case No. CJ- 2022-395
                               )
PRUDENTIAL INSURANCE           )
COMPANY OF AMERICA,            )
                               )
        Defendant.             )

## SUMMONS

To the above-named Defendant:          PRUDENTIAL INSURANCE
                                       COMPANY OF AMERICA

You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Complaint in the Court above-named within 30 days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of our answer must be delivered or mailed to the attorney for the Plaintiff. Unless you answer the Complaint within the time stated, judgment will be rendered against you with costs of the action.

Issued this 13 day of April, 2022.

Court Clerk Marilyn Williams

By: S/ Carol Frazier

(seal)
Attorney for Plaintiff
Roy S. Dickinson, OBA #13266
1408 Winding Ridge Rd.
Norman, OK 73072
(405) 321-3288
(405) 973-2204 (fax)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. YOUR ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| Matthew Ferree, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CJ-2022-395 |
| PRUDENTIAL INSURANCE | ) Judge: Virgin |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## PETITION

### PRELIMINARY STATEMENT

1. Plaintiff Matthew Ferree, hereinafter referred to as "Plaintiff," brings this ERISA action against Prudential Insurance Company of America. Plaintiff brings this action to secure his disability benefits, to which he is entitled under a disability insurance policy underwritten and administered by Defendant[1]. Plaintiff is covered under the policy by virtue of his employment with Paycom Payroll (not a party).

### PARTIES

2. Plaintiff is a citizen and resident of Cleveland County, Oklahoma.

3. Defendant is properly organized business entity doing business in the State of Oklahoma.

4. The disability plan was issued and/or administered by Defendant.

---

[1] Group Policy# G-70009-OK; claim# 12923899.

## JURISDICTION AND VENUE

5. This court has jurisdiction to hear this claim pursuant to 29 U.S.C. §§ 1001, et. seq, (ERISA) and more specifically, §1132 e (1).

6. Venue is proper by virtue of Defendant doing business in Oklahoma in this judicial district.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

7. Plaintiff is a covered participant under a group disability benefits policy issued and/or administered by Defendant at all times relevant to this action.

8. The disability policy at issue was obtained by Plaintiff by virtue of his employment at the time of onset of disability.

9. Under the terms of the policy, Defendant administered claims under the Plan and retained the sole authority to grant or deny benefits to beneficiaries.

10. Defendant funds the Plan benefits.

11. Because the Defendant both funds the Plan benefits and retains the sole authority to grant or deny benefits, it has an inherent conflict of interest.

12. Because of the conflict of interest described above, this Court should consider Defendant's decision to deny disability benefits as an important factor during its review in determining the propriety of Defendant's denial of Plaintiff's benefits.

13. Further, in order for an Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

14. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

15. Plaintiff became disabled as defined by the Plan on or about March 2, 2021.

16. Plaintiff timely filed a claim for disability benefits with Defendant.

17. Defendant denied Plaintiff's claim for disability benefits under the Plan.

18. If the benefit claim were granted, the Plan would pay a monthly benefit.

19. Plaintiff timely pursued his administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

20. Plaintiff timely perfected his administrative appeal pursuant to the Plan; Plaintiff submitted additional information including medical records to show that he was totally disabled as defined by the Plan, this information consisted of medical records, disability statements and other information, all of which proved that Plaintiff was disabled.

21. Defendant affirmed the original decision to deny Plaintiff's claim for disability benefits.

22. Defendant, in the final denial of Plaintiff's administrative appeal, discounted the opinions of Plaintiff's treating physicians, and clearly misconstrued the terms of the benefit plan (a contract).

23. Plaintiff has now exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## MEDICAL FACTS

24. Plaintiff suffers from a disabling medical condition: bipolar disorder and resulting impairments.

25. At all operative times, Plaintiff was disabled as a result of his medical condition(s).

26. Plaintiff's treating physician documented this condition, and all relevant information regarding the physician's findings and treatment was provided to defendant during submission of Plaintiff's claim for benefits and subsequent administrative proceedings.

27. The aforementioned impairments and their symptoms precluded Plaintiff's performance of work activities on a consistent basis.

28. As such, Plaintiff is disabled per the terms of the Plan.

## DEFENDANT'S CONFLICT OF INTEREST

29. At all relevant times, Defendant operated under an inherent and structural conflict of interest.

30. Defendant's adverse benefit determinations were influenced by this conflict of interest.

31. Defendant failed to take active steps to reduce potential bias and to promote accuracy of its benefit determinations.

32. The long-term disability Plan gave Defendant the right to have Plaintiff submit to a medical examination at the appeal level.

33. A medical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

34. Defendant provided incomplete information regarding plaintiff's disabling conditions to its medical reviewers, leaving the medical reviewers' opinions fatally flawed due to incomplete information.

35. More information promotes accurate claims assessment; moreover Defendant's decision to limit (or their failure to provide) complete information to the medical reviewers denied Plaintiff a full and fair review of his administrative appeal.

## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

36. Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

   a. Plaintiff was totally disabled, in that he could not perform the material duties of his own, or any other full-time occupation;

   b. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

   c. Defendant's interpretation of the definition of disability contained in the policy, as well as Defendant's interpretation of the Plan regarding claims procedures, timing and related plan provisions is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and

   d. Defendant has violated its contractual obligation to furnish disability

benefits to Plaintiff;

e. Defendant failed to provide Plaintiff a full and fair review as required by law by virtue of its failure to provide complete information to its medical reviewers, failing to provide Plaintiff copies of its claims/appeal guidelines as repeatedly requested, and ignored and/or discounted overwhelming evidence of disability.

## COUNT II: ATTORNEY FEES AND COSTS

37. By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain an attorney to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to 29 U.S.C. §1132(g)(1).

WHEREFORE, **Plaintiff demands judgment for the following:**

A. Grant Plaintiff declaratory relief, finding that he is entitled to all past due disability benefits yet unpaid;

B. Order Defendant to pay past (accrued) disability benefits in the monthly amount specified in the, plus pre-judgment interest;

C. Alternatively, Order Defendant to remand claim for future administrative review;

D. Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to 29 U.S.C. § 1132(g); and

E.  For such other relief as may be deemed just and proper by the Court.

Respectfully Submitted,

/s/ Roy Dickinson
Roy S. Dickinson, OBA #13266
1408 Winding Ridge Rd.
Norman, OK 73072
(405) 321-3288
(405) 973-2204 (fax)
roydickinson@dickinsonlegal.com

7